UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

ANDREA SOMMERS and HARRY SUEISHI, )
as Guardians of EDITH SELF, an Adult Ward, )
                                                               )
        Plaintiffs,                       )     2:08-cv-00078-RCJ-NJK
                                                                )
vs.                                                             )         **O R D E R**
DANIEL C. CUDDY, JR., et al.,           )
        Defendants.                 )
_____ )

      This matter came before the Court on Plaintiffs' Motion to Compel Defendant Daniel Cuddy to Attend Continued Deposition (#141). The Court has considered the Plaintiffs' Motion (#141), the Defendant Daniel C. Cuddy's Response (#142), Defendant National Western Life Insurance Company's Joinder to Defendant Cuddy's Response (#143), and the Plaintiffs' Reply (#145).

## BACKGROUND

      On August 23, 2012, the Plaintiffs' attorney, Jason J. Bach, Esq., deposed Defendant Daniel C. Cuddy. Affidavit of Jason Bach, Motion to Compel (#141) at 2-3. The deposition lasted approximately seven hours. *Id*. At the end of the seven hours, Bach requested that the deposition be continued to another day and Cuddy's counsel denied that request. *Id*. The Plaintiffs now seek a Court Order compelling Cuddy to attend two additional days of deposition. *Id.*

## DISCUSSION

Under Federal Rule of Civil Procedure 30(d)(1),

> Unless otherwise stipulated or ordered by the court, a deposition is limited to 1 day of 7 hours. The court must allow additional time consistent with Rule 26(b)(2) if needed to fairly examine the deponent or if the deponent, another person, or any other circumstance impedes

or delays the examination.

Federal Rule of Civil Procedure 26(b)(2) provides that "the court may alter the limits . . . on the length of depositions . . . ." Further, "[f]or good cause, the court may order discovery of any matter relevant to the subject matter involved in the action." Fed.R.Civ.P. 26(b)(1).

However,

> . . . the court must limit the frequency or extent of discovery otherwise allowed by these rules or by local rule if it determines that:
>
> (ii) the party seeking discovery has had ample opportunity to obtain the information by discovery in the action; . . .

Fed.R.Civ.P. 26(b)(2)(C).

Here, the Plaintiffs assert that they need two additional days to depose Cuddy for three reasons. Affidavit of Jason Bach, Motion to Compel (#141) at 2-3. First, Cuddy "took unreasonably long pauses after each question before he responded, which greatly increased the time the deposition lasted." *Id*. Second, the Defendants produced approximately 1800 pages of discovery about which the Plaintiffs need to depose Cuddy. *Id*. Third, there are numerous facts at issue and causes of action in this case. *Id*. However, in the Reply (#145) the Plaintiffs claim, "Plaintiff's Counsel was fully prepared to go through all of his questions and the documents at the deposition in one day of deposition but due to Mr. Cuddy's conduct, Plaintiff was unable to even begin the line of questioning about the multitude of documents produced by defendants in this case." Plaintiffs' Reply (#145) at 3, lines 5-12. Thus, the Plaintiffs have narrowed their argument to the mere assertion that Cuddy took too long to answer questions and required Plaintiffs' counsel to repeat "many" questions. *Id*.

However, the Plaintiffs have failed to substantiate this assertion. The Plaintiffs have not pointed to any part of the deposition in which they believe Cuddy acted improperly and have not even provided the Court a copy of the deposition transcript.[1] Thus, it is impossible for the Court to determine whether it was the conduct of Cuddy that prevented Plaintiffs' counsel from asking all his questions in a single day. The Plaintiffs' counsel even admits that one day should have been enough. Plaintiffs' Reply (#145) at 3, lines 5-12. Accordingly, based on the information before the Court, it

---

[1] Although the Plaintiffs cite to "Exhibit 1" as the Transcript of Deposition of Daniel Cuddy, neither the Transcript nor an Exhibit 1 is attached to the Motion. Motion to Compel (#141).

appears that the Plaintiffs had ample opportunity to obtain testimony from Cuddy during his one-day deposition.

Concerning the 1800 pages of discovery, Plaintiffs' counsel admitted Cuddy answered all questions about his recollection of the facts of the case. Affidavit of Jason Bach, Motion to Compel (#141) at 2-3. The fact that Plaintiffs' counsel did not present any of documents when "all" the facts of the case were being discussed, is not the fault of the Defendants. Rather, it indicates poor time management by Plaintiffs' counsel. Finally, Cuddy's counsel offered to continue the deposition for an additional three hours. Excerpt of Deposition Transcript attached as Exhibit B to Curry's Response (#142) at 18, Transcript page 223. The Plaintiffs' counsel refused that offer and ended the deposition 10 minutes early.[2] *Id*. Thus, if it was more time the Plaintiffs needed, they turned that opportunity down when it was presented.

Accordingly, the Court finds that the Plaintiffs had ample opportunity to obtain testimony from Cuddy during his one-day deposition. Thus, the Court will not alter the limits of Rule 30(d)(1). Fed.R.Civ.P. 30(d)(1).

**ORDER**

Based on the foregoing, and good cause appearing therefore,

IT IS HEREBY ORDERED that Plaintiffs' Motion to Compel Defendant Daniel Cuddy to Attend Continued Deposition (#141) is **DENIED.**

DATED this  8th  day of January, 2013.

_____
NANCY J. KOPPE
United States Magistrate Judge

---

[2] Plaintiffs' counsel also started the deposition late and came back late from the lunch break.