JASON J. BACH, ESQ.
Nevada Bar No. 7984
ANNE M. LORADITCH, ESQ.
Nevada Bar No. 8164
MICHAEL MASCARELLO, ESQ.
Nevada Bar No. 10673
**THE BACH LAW FIRM, LLC**
6053 South Fort Apache Road, Suite 130
Las Vegas, Nevada 89148
Telephone:  (702) 925-8787
Facsimile:  (702) 925-8788
Email: jbach@bachlawfirm.com
         aloraditch@bachlawfirm.com
         mmascarello@bachlawfirm.com
*Attorneys for Plaintiffs*

Electronically Filed May 10, 2013

# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| ANDREA SOMMERS and HARRY SUEISHI, as Guardians of EDITH SELF, an Adult Ward,<br><br>                    Plaintiffs,<br><br>         v.<br><br>DANIEL C. CUDDY, JR., individually and as President, Secretary, Treasurer, and Director of Personnel Benefits Group, Inc.; PERSONNEL BENEFITS GROUP, INC., a Nevada Corporation d/b/a Personnel Benefits Group and Retirement Benefits Group; NATIONAL WESTERN LIFE INSURANCE COMPANY, a Colorado corporation; DOE DEFENDANTS I-XXX; ROE CORPORATIONS I-XXX, inclusive.<br>                    Defendants. | Case No.: 2:08-cv-00078-RCJ-~~RJJ~~ NJK<br><br>**NOTICE OF SETTLEMENT AND JOINT MOTION TO STAY PROCEEDINGS** |

Plaintiffs in above-captioned case, by and through their undersigned counsel of record, and Defendants, by and through their attorneys, THOMAS A. ROBERTS, of BARRASSO, USDIN, KUPPERMAN, FREEMAN & SARVER, LLC, and REX D. GARNER, ESQ. of MORRIS LAW GROUP, hereby submit this Notice of Settlement and Joint Motion to Stay Proceedings. Accordingly, the parties respectfully represent as follows:

1

# I.

# INTRODUCTION

1. On May 10, 2013, the parties agreed to settlement terms in resolution of the instant case.

2. This date is also the deadline by which Plaintiffs were due to file and serve oppositions to the Motion for Summary Judgment [Docket No. 148] and the Motion for Summary Judgment [Docket No. 149] (collectively, the "Motions for Summary Judgment") filed on December 14, 2012, by Defendants Daniel C. Cuddy, Jr., and Personnel Benefits Group, Inc., and by Defendant National Western Life Insurance, respectively.

3. Additionally, the probate court signed today an order opening Ms. Self's estate. To date, the guardianship of Plaintiff Edith Self has not yet been terminated; therefore, the parties are in the process of terminating the guardianship in order to substitute Ms. Self's estate as the proper plaintiff in the instant matter. Consequently, the settlement between the parties remains subject to the approval of the probate court.

4. The parties have agreed to a stay of these proceedings, including the tolling of Plaintiffs' deadline to file and serve oppositions to the Motions for Summary Judgment and any hearing on such Motions for Summary Judgment together with all other scheduled dates and deadlines until after the settlement between the parties can be memorialized in writing and brought before the probate court for approval, which is anticipated to occur within the next 30 days. The tolling of the remaining dates and deadlines in these proceedings will allow the parties an opportunity to draft and finalize a formal settlement agreement and obtain the necessary approval from the probate court; thereby conserving resources for all concerned, including the Court, as much as possible.

5. The parties anticipate filing a stipulation and order no later than Monday, June 24, 2013, to dismiss these proceedings. If the settlement between the parties has not been approved by the probate court by that time, the parties will file a Joint Status Report to advise the Court of progress towards obtaining the requisite approval and, if none has been made by that time, to

1 request that the Motions for Summary Judgment be placed on the Court's hearing calendar and to
2 also suggest a recommended briefing schedule that is acceptable to the parties.

## II.

## **ARGUMENT**

6. The Court has the inherent authority to stay proceedings before it. Mangani v. Merck & Co., No. 2:06-cv-00914, 2006 WL 2707459, at *1 (D. Nev.) (citing Rohan ex rel. Gates v. Woodford, 334 F.3d 803, 817 (9th Cir. 2003)). Factors relevant to the Court's consideration of a motion to stay proceedings include "any potential prejudice to the non-moving party, hardship or inequity to the moving party if the proceedings are not stayed, and the interests of judicial economy and efficiency." Id.

7. Plaintiffs and Defendants in this action request a 60-day stay of the proceedings by this joint Motion; therefore, no prejudice would result to any party if the stay is granted. Denying the stay, however, will cause hardship to the parties because absent a stay they face imminent deadlines for pretrial and other case management activities when they have agreed to terms of a settlement and must obtain approval of such settlement in another forum, which is expected to be granted as a matter of course. In the unlikely event approval of the settlement is not granted, the parties need to participate in the briefing, argument and other proceedings before the Court with respect to the pending Motions for Summary Judgment.

8. A stay of these proceedings pending the finalization and approval of the settlement among the parties promotes the interests of judicial economy and efficiency. If the stay requested by the Plaintiffs and the Defendants is denied, this Court risks "needlessly expending its energies" to further manage the case when the case has settled as a result of the parties' own accord. Rivers v. Walt Disney Co., 980 F. Supp. 1358, 1360 (C.D. Cal. 1997). Further, a stay of the proceedings at this juncture in the case preserves the status quo and minimizes the expense of the parties' resources and those of the Court until such settlement can be finalized and approved.

///
///
///

## III.

## CONCLUSION

WHEREFORE, for the foregoing reasons, the parties in the above-captioned case respectfully request that the Court enter an order directing that (1) this action is stayed for 60 days from the date of entry of such order pending the finalization and approval of the settlement among the parties reached today, and (2) the parties shall file a stipulation and order dismissing this case, or a status report advising the Court of the progress toward obtaining the necessary approval of such settlement, no later than Monday, June 24, 2013.

DATED this 10th day of May, 2013.

Respectfully submitted by:

**THE BACH LAW FIRM, LLC**

By  /s/ Anne M. Loraditch
    JASON J. BACH, ESQ.
    Nevada Bar No. 7984
    ANNE M. LORADITCH, ESQ.
    Nevada Bar No. 8164
    MICHAEL MASCARELLO, ESQ.
    Nevada Bar No. 10673
    6053 South Fort Apache Road, Suite 130
    Las Vegas, Nevada 89148
    *Attorneys for Plaintiffs*

Approved as to form and content:

**BARRASSO, USDIN, KUPPERMAN, FREEMAN & SARVER, LLC**

By  /s/ Thomas A. Roberts
    THOMAS A. ROBERTS, ESQ.
    Louisiana Bar No.: 23914-Pro Hac Vice
    LARRY E. MOBLEY, ESQ.
    Louisiana Bar No.: 29990-Pro Hac Vice
    909 Poydras Street, Suite 2400
    New Orleans, Louisiana 70112
    *Attorneys for Cuddy Defendants*

**MORRIS LAW GROUP**

By  /s/ Rex D. Garner
    REX D. GARNER, ESQ.
    Nevada Bar No. 9401
    900 Bank of America Plaza
    300 South Fourth Street
    Las Vegas, Nevada 89101
    *Attorneys for National Western Defendants*

**ORDER**

IT IS SO ORDERED.  The above-captioned matter is stayed.  The parties are ordered to file a stipulation and order dismissing this case or a status report on or before June 24, 2013.

Dated this 14th day of May, 2013.

_____
United States Magistrate Judge